# JOHN LAMB *et al.*

*v.*

# JAMES F. HOLMES.

1. PLEAS—*demurrer—practice.*  Where a party files a number of pleas in such a confused manner that it is difficult to determine the order in which they were filed, and a defective special plea appears first in the series, and the general issue the second, and a demurrer, as appears by the record, was sustained to the first plea, it will be held that the demurrer was sustained to the bad special plea, and not to the general issue, unless it appears from the record that the court deprived the defendant of the benefit of the general issue on the trial.

2. ASSUMPSIT—*non est factum—practice.*  The plea of *non est factum* is not an appropriate plea in the action of assumpsit, and it is proper practice, in such a case, to strike it from the files on motion.  Even if it could be used, the plea of *non-assumpsit* is broader and will admit a more comprehensive defense, and is preferable.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. S. R. MOORE, for the appellants.

Mr. T. E. MILCHRIST, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was assumpsit, brought by appellee against appellants. The declaration contains three special counts upon three respective promissory notes, and the common counts.  Pleas:

*First*—That the causes of action in the several counts were for one and the same thing, to wit: the promissory notes; that the only consideration for said notes, and each of them, was for notes and bank bills issued and published by a joint stock or banking company not incorporated by law, with banking powers authorizing them to issue said bills, passed by

32—60TH ILL.

498    LAMB *et al. v.* HOLMES.    [Sept. T.,

Opinion of the Court.

said plaintiff to said defendants, and given in consideration of said notes.

*Second*—The general issue.

*Third*—*Non est factum.*

*Fourth*—Partial failure of consideration.

To the first and fourth pleas appellee demurred, but on the same day filed a replication to the fourth plea, which, of course, waived the demurrer thereto. The court sustained the demurrer to the first plea, and struck the third plea, being *non est factum*, from the files.

The demurrer to the first plea was properly sustained, simply because it does not contain facts sufficient to constitute a defense, and appellants do not even claim that the plea which we have designated the first plea, was good, but insist that the first plea was, in fact, the general issue; and as the demurrer refers to a plea as the first plea, the court sustained the demurrer to the general issue. When defendants file their pleas in such a confused manner as to render it perplexing and difficult to designate them and discriminate one from the other, and come into this court claiming that the court has sustained a demurrer to the general issue in the usual form, we will require them to show with certainty, from the pleadings, that such was the case if doubtful from the pleadings, or that the court denied them the benefit of the general issue upon the trial. The commencement of the pleas is worded as if the general issue were the first plea, and that the one we have referred to as the first was a further plea; but the amended record shows that the pleas, when placed on file, were so transposed as that the general issue was the second plea. Besides, it does not appear that they were denied the benefit of the plea on the trial.

There was no error in striking the plea of *non est factum* from the files. The action was assumpsit, and the notes not under seal. That plea had no appropriate place in this case, and even if it had, with the effect which the law gives to it when properly pleaded, still, the plea of non-assumpsit is

much broader, and defendants could not have been deprived of any rights of defense by having *non est factum* stricken from the files.

No error being apparent in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*